**In the Matter of Donald Franklin MOSLEY, Sr. and Shirley Marie Mosley, Bankrupts.**

**Bankruptcy Nos. B79–359A, B79–360A.**

United States Bankruptcy Court, N. D. Ohio.

Feb. 8, 1980.

Kathryn Belfance, Akron, Ohio, trustee in bankruptcy, pro se.

Malcolm Obenour, Akron, Ohio, for bankrupts.

## FINDING AS TO ALLOWANCE OF EXEMPTIONS

H. F. WHITE, Bankruptcy Judge.

The bankrupts, husband and wife, filed an Amended Schedule B–4 on January 3, 1980 each claiming a homestead exemption in the amount of $5,000.00 as provided for under ORC 2329.66(A)(1) as amended and effective September 28, 1979. Exceptions to said amended Schedule B–4 were filed by the Trustee on January 9, 1980 and the matter was set for hearing. The Trustee and counsel for the bankrupts appeared at the hearing and they were in agreement as to the following Finding of Fact.

## FINDING OF FACT

On May 10, 1979 the bankrupts each filed a Chapter XI proceedings and on Schedule B–4 they claimed a homestead interest in real estate located at 1988 Bridger Road, Summit County, Akron, Ohio under ORC 2329.72. However, it was agreed that since they are husband and wife living together they would be entitled to claim a homestead exemption as provided for under ORC 2329.73.

On December 4, 1979 this Court entered an order of adjudication and directed that bankruptcy be proceeded with and the estates liquidated in accordance with the Bankruptcy Act of 1898.

The bankrupts filed an amended Schedule B–4 on January 3, 1980 each claiming a homestead interest in the amount of $5,000.00 as provided for under ORC 2329.-66(A)(1) as amended by the Ohio Legislature effective September 28, 1979.

The Trustee filed a report of exempt property on January 4, 1980 allowing a homestead exemption of $1,000.00 each under ORC 2329.73. An objection to the bankrupts' amended claim of exemptions was filed by the Trustee on January 9, 1980.

## ISSUE

Should the bankrupts' exemptions be allowed as of the date of the filing of the original proceedings or as of the date of the adjudication.

## LAW

Section 522(1) of the Bankruptcy Code requires the debtor to file a list of property claimed exempt. Said exemptions were claimed on Schedule B–4 on Form 6 of the Interim Rules and Forms as adopted by the Bankruptcy Judges of the Northern District of Ohio as of October 1, 1979.

The exemption section provides that absent an objection by a party in interest to the list of property claimed exempt by the debtor, said exemptions are automatically allowed.

Section 6 of the Bankruptcy Act of 1898 is comparable to 11 U.S.C. Section 522. However, Rule 403(b) of the Bankruptcy Rules of Procedure is applicable only to the Bankruptcy Act of 1898 which requires the Bankruptcy Trustee to examine the bankrupt's claim for exemptions and within 15 days after the Trustee's qualification file an exemption report and send a copy of said report to the bankrupt and to his attorney, if the exemptions claimed are not allowed.

The Trustee in the Report of Exempt Property filed on January 4, 1980 did grant the exemptions claimed by the bankrupt on the Schedule B–4 which was filed on May 10, 1979. No exceptions were taken to this report by the bankrupts or their counsel. Therefore, the only issue for this Court to determine is the Trustee's objection to the bankrupts' claim of exemptions as amended on January 3, 1980.

Title IV of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, Section 403(a) provides:

A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted and the substantive rights of the parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted.

*Collier on Bankruptcy*, Vol. 1, 15 Ed., Section 7.03(1) states that:

In short, section 403(a) is designed to make plain that the provisions of the 1978 statute are not to affect cases commenced under the Bankruptcy Act and that these are to proceed with respect to both substantive and procedural matters in the same fashion as though the 1978 Act were not in effect.

Congress was aware in their consideration of the Bankruptcy Code that there would be conflicts arising as to matters pending at the time that the new legislation would be effective. This is evident when one refers to *H.R.Rep. No. 595*, 95th Cong. 1st Session 459 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6414 which contains the following comments by the House Judiciary Committee on Section 403:

Subsection (a) of this section similar to sections 276, 399, 526, and 686 of the Bankruptcy Act, continues case pending as of the effective date of the bill without change. The new law will not affect cases commenced under the old law. Those cases will proceed as though this Act did not take effect. The section applies to substantive as well as procedural matters, to matters concerned by Federal bankruptcy law as well as matters governed by State law.

Further, the Rules of Bankruptcy Procedure are still applicable under the Bankruptcy Code, unless they are in direct conflict with the Code. Rule 122 of the Bankruptcy Rules of Procedure provides:

> When an order is entered in a Chapter X, XI, XII, or XIII case directing that the case continue as a bankruptcy case, the procedure shall be as follows:
>
> (1) In all respects other than as provided in the following paragraphs, the case shall be deemed to have been commenced as of the date of the filing of the first petition initiating a case under the Act and shall be conducted as far as possible as if no petition commencing a chapter case had been filed.
>
> (2) Unless otherwise directed by the court, lists, inventories, schedules, and statements filed in the superseded case shall be deemed to be the schedules and statement of affairs filed in the bankruptcy case pursuant to Rule 108 and in full compliance therewith . . .

*Collier on Bankruptcy*, 14th Ed., Vol. 12, Section 122.03 discussing Rule 122(2) states that: "The rule must be construed so that if any statements of assets and liabilities have been filed the presumption of compliance with Rule 108 applies subject to the court ordering more information."

Therefore it is the conclusion of this court that the bankrupts are entitled to the exemptions effective on May 10, 1979, the date of the filing of the original petition in bankruptcy as provided for under Section 6 of the Bankruptcy Act and Ohio Revised Code 2329.73.

It appears to the Court that Donald Franklin Mosley, Sr. is the head of the household and the exemptions should be allowed under Case No. B–79–359A. However, the Court does find that should Donald Franklin Mosley, Sr. waive these exemption rights based upon the finding of this Court, Shirley Marie Mosley, the wife of Donald Franklin Mosely, Sr., would be entitled to claim these exemptions within 10 days of the entry of the waiver of the finding and order of this Court.

The Court further finds that the objection as filed by the Trustee to the Amended Schedule B–4 as filed on January 3, 1980 should be sustained and the bankrupts should be allowed the exemptions as claimed on May 10, 1979 and allowed by the trustee in the Report of Exempt Property filed by the Trustee on January 4, 1980, to which no exceptions have been taken by the bankrupts.